IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Dale Crockett,<br><br>    Plaintiff,<br><br>v.<br><br>Hugh Hurwitz; United States of America; Kathleen Hawk-Sawyer; John Doe 1, Medical Director, FBOP; John Doe 2, Medical Director, FBOP Southeastern Regional Office; John Doe 3, Medical Committee Chairman; P. Walton-Battle; Public Health Services; Bureau of Prison Officials; Federal Authorities; and John and Jane Does,<br><br>    Defendants. | C/A No. 6:20-cv-4335-JFA-KFM<br><br><br>**ORDER** |

    Plaintiff Timothy Crockett filed this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999). After Defendant Hugh Hurwitz filed a motion to dismiss claims within the original complaint (ECF No. 22), Plaintiff filed an amended complaint (ECF No. 36). Plaintiff did not respond to Hurwitz's motion. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

    The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should deny Defendant Hurwitz's

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is

motion as moot. (ECF No. 44). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Both parties were advised of their right to object to the Report, which was entered on the docket on January 13, 2021. (ECF No. 44). The Magistrate Judge required the parties to file objections by January 27, 2021. *Id.* None of the parties submitted any objections and the time for doing so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, each party has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Defendant's motion to dismiss should be denied as moot.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately

---

charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 44). Thus, Defendant Hurwitz's motion to dismiss (ECF No. 22) is denied as moot. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

February 8, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge